## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA FIGUEROA, as parent and natural guardian for A.A., A.F., and A.A., on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CDHA MANAGEMENT, LLC and SPARK DSO, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS<br><br>Defendants. | Case No.:<br><br>(Court of Common Pleas, Philadelphia County, Case No. 250306230)<br><br>**NOTICE OF REMOVAL**<br><br>**(28 U.S.C. §§ 1332 and 1441(b); DIVERSITY JURISDICTION)** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants CDHA Management, LLC and Spark DSO, LLC d/b/a Chord Specialty Partners (collectively hereinafter "Defendants"), hereby remove this action from the Pennsylvania Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332 and 1441(b), Federal Rules of Civil Procedure 81(c), and in support of which aver as follows:

**I.      DESCRIPTION OF ACTION**

Plaintiff, Christina Figueroa, as a parent and natural guardian for A.A., A.F., and A.A. (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, filed her Class Action Complaint in the Pennsylvania Court of Common Pleas for Philadelphia County on or about March 27, 2025, captioned *Christina Figueroa, as a parent and natural guardian for A.A., A.F., and A.A., on behalf of herself and all others similarly situated v. CDHA Management, LLC and Spark DSO,*

*LLC d/b/a Chord Specialty Partners, Case No. 250306230.* A copy of the Complaint is attached to this Notice of Removal as Exhibit A.

Plaintiff's Complaint asserts causes of action purportedly arising from a data security incident that was discovered in September of 2024. *See* Exhibit A at ¶ 6 – the **same data security incident** underlying *Shequita Eury, on behalf of her minor child C.W., individually and on behalf of all others similarly situated v. CDHA Management, LLC d/b/a Chord Specialty Dental Partners and Spark DSO, LLC d/b/a Chord Specialty Dental Partners, 3:25-cv-00382*, attached hereto as Exhibit B, *Andrea Rawlinson, on behalf of her minor children J.W. and A.B., and on behalf of all others similarly situated v. CDHA Management, LLC, d/b/o Chord Specialty Dental Partners and Spark DSO, LLC d/b/a Chord Specialty Dental Partners, 3:25-cv-00380,* attached hereto as Exhibit C*; Shannon McKinney, on behalf of her minor child A.H., and on behalf of all others similarly situated v. CDHA Management, LLC d/b/a Chord Specialty Dental Partners and Spark DSO, LLC d/b/a Chord Specialty Dental Partners, 3:25-cv-00371*, attached hereto as Exhibit D; and *April Cook, on behalf of her minor child S.C., and on behalf of all others similarly situated v. CHDA Management, LLC d/b/a Chord Specialty Dental Partners and Spark DSO, LLC d/b/a Chord Specialty Dental Partners, 3:25-cv-00379,* attached hereto as Exhibit E, each now pending in the United States District Court for the Middle District of Tennessee (collectively hereinafter "the Related Actions").

Plaintiff alleges that she, along with similarly situated individuals, experienced damages as a result of a third-party security incident, to wit, a business email compromise impacting email accounts belonging to Defendants. *See* Exhibit A at ¶¶ 6, 12. Plaintiff has raised several causes of action including Negligence and Negligence *Per Se*, Breach of Fiduciary Duty, Breach of Implied

Contract, and Unjust Enrichment. Defendant denies the allegations underlying each of Plaintiff's claims.

This action is removable under 28 U.S.C. §§ 1441 (a) and 1453. 28 U.S.C. §§ 1441 (a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members; the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and minimal diversity exists.  As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

## II.    TIMELISNESS AND TECHNICAL REQUIREMENTS OF REMOVAL

Plaintiff purportedly effectuated service of her Complaint on March 31, 2025. *See* Service of Process Notification attached hereto as Exhibit F. Accordingly, this removal is timely.

## III.   REMOVAL BASED ON DIVERSITY JURISDICTION

Pursuant to the Class Action Fairness Act ("CAFA"), the district courts of the United States shall have original jurisdiction in class actions where the following factors are met: (1) the proposed class contains more than 100 individuals; (2) the aggregate amount in controversy is five million dollars or more; and (3) at least one member of the plaintiff class is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d).

### A. Minimal Diversity Exists in this Matter

CAFA provides that a defendant is permitted "to remove certain class actions to federal court if minimal diversity of citizenship exists." *Schwartz v. Comcast Corp.*, 2006 WL 487915, *2 (E.D. Pa. 2006) (*quoting Knudsen v. Liberty Mut. Ins. Co.,* 411 F.3d 805, 805 (7th Cir. 2005). A corporation is a citizen of both the state in which it is incorporated and the state in which its

3

principal place of business is located. See 28 U.S.C. § 1332(c). CDHA Management, LLC is a Delaware limited liability company with its principal place of business at 300 Willowbrook Lane in West Chester, Pennsylvania. Spark DSO, LLC is a Pennsylvania limited liability company with its principal place of business located 300 Willowbrook Lane in West Chester, Pennsylvania.

With respect to residency of other members of the proposed Class, to the extent that Plaintiff seeks to represent all individuals who received notice of the subject data security incident, the notice population includes citizens residing in nearly all fifty states. Moreover, the named Plaintiffs in each of the Related Actions make similar assertions in support of federal jurisdiction. *See* Exhibits B, C, D, and E. Minimal diversity is therefore satisfied.

### B. The Proposed Class Exceeds 100 Individuals

Removal of a class action requires showing that the proposed class exceeds 100 members. *See* 28 U.S.C.A. § 1332(d)(5)(B). Plaintiff's Complaint identified the proposed class as "so numerous that the joinder of all individual members in one action would be impracticable. . . .the Class includes thousands of individuals." Exhibit A at ¶ 76. Similar assertions are made in each of the Related Actions. Plaintiff Shequita Eury asserts that "[u]pon information and belief, the number of Class Members is over 100,000[.]" Exhibit B at ¶ 24; *see also* Exhibit C at ¶ 12 ("there are over 100 putative Class Members."); Exhibit D at ¶ 11 ("The number of class members is over 100[.]"); Exhibit E at ¶

When considering removal of an action, a district court reviews a plaintiff's complaint and assumes all factual allegations are true. *See Keenan v, Unum Provident Corp., et al*, 252 F. Supp. 2d 163, 166 (E.D. Pa. 2003).

### C. The Amount in Controversy Exceeds $5,000,000

Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims meets or exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2). A notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. "CAFA mandates that the 'claims of the individual class members shall be aggregated" in order to determine if the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.'" *Judon v. Travlers Property Cas. Co. of America*, 773 F.3d 495, 506 (3d Cir. 2014).

Initially, Plaintiff alleges that the putative class contains thousands of individuals. *See* Exhibit A at ¶ 76. Moreover, Plaintiff seeks damages on behalf of herself and the proposed class including compensatory, statutory, treble and/or punitive damages; restitution or disgorgement of funds; injunctive relief and attorneys' fees, costs, and expenses. *See* Exhibit A, *ad damnum* clause. The relief sought in aggregate for a putative class numbering in the thousands clearly establishes an amount in controversy in excess of jurisdictional requirements by a preponderance of the evidence. Additionally, each of the Related Actions asserts that the amount in controversy exceeds five million dollars. *See* Exhibits B, C, D, and E. Finally, Plaintiff's counsel has agreed that this matter is properly subject to jurisdiction of the Courts of the United States. *See* Correspondence from Plaintiff's counsel dated April 24, 2025, attached hereto as Exhibit G.

### IV.     NOTICE TO ADVERSE PRTIES AND THE COURT OF COMMON PLEAS

Promptly after filing this Notice, Defendants will provide written notice of removal to Plaintiffs and the Court of Common Pleas and will file a copy of this Notice of Removal with the Court of Common Pleas for Philadelphia County.

Dated: April 30, 2025

Respectfully submitted,

*/s/Jill H. Fertel*
Jill H. Fertel, Esq.
**CIPRIANI & WERNER P.C.**
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
P: 610-567-0715
Email: jfertel@c-wlaw.com